UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARTIN E. GRANT,

        Petitioner,

v.                                                  CASE NO. 95-CV-40240-FL
                                                 HONORABLE PAUL V. GADOLA

JESSIE L. RIVERS,

        Respondent.
_____/

**ORDER DENYING PETITIONER'S MOTION FOR RELIEF FROM JUDGMENT**

Petitioner Martin E. Grant has moved for relief from the Court's judgment denying his habeas corpus petition. Petitioner invokes Federal Rule of Civil Procedure 60(b)(5) and (6) as a basis for seeking relief from judgment.[1]

The Court determined in its dispositive opinion and order that some of Petitioner's claims were procedurally defaulted because he failed to raise those claims on direct appeal and did not show "cause" for his omission and resulting prejudice or a miscarriage of justice. Among the defaulted issues were claims alleging ineffective assistance of trial and appellate counsel. Petitioner raised those claims for the first time in a post-conviction motion. He argues in the pending motion that the Supreme Court's decision in *Massaro v. United States*, 538 U.S. 500 (2003), has undermined the Court's judgment and that he is entitled to a ruling on the merits of his procedurally defaulted habeas claims.

---

[1] Because Petitioner is challenging the Court's failure to reach the merits of his procedurally defaulted claims, his Rule 60(b) motion need not be treated as a successive habeas petition. *Gonzales v. Crosby*, __ U.S. __, __, 125 S. Ct. 2641, 2651 (2005).

The Supreme Court held in *Massaro* that a federal prisoner may bring "an ineffective-assistance-of-counsel claim . . . in a collateral proceeding under [28 U.S.C.] § 2255, whether or not the petitioner could have raised the claim on direct appeal." *Id* at 504. *Massaro*, however, "by its own language . . . did not extend its rule beyond § 2255." *Sweet v. Bennett*, 353 F.3d 135, 140 (2nd Cir. 2003). "*Massaro* is entirely silent on the subject of state prisoners making ineffectiveness claims" under 28 U.S.C. § 2254. *Lewis v. Sternes*, 390 F.3d 1019, 1032 (7th Cir. 2004). Therefore, *Massaro* has no applicability to Petitioner's habeas petition, which was brought under § 2254.

**ACCORDINGLY, IT IS HEREBY ORDERED** that Petitioner's motion for relief from judgment [Doc. #84, Dec. 6, 2005] is **DENIED**.

**SO ORDERED**.


Dated:   July 17, 2006                                s/Paul V. Gadola
                                                     HONORABLE PAUL V. GADOLA
                                                     UNITED STATES DISTRICT JUDGE

---

Certificate of Service

I hereby certify that on   July 17, 2006  , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:                                                                                                    ,
and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:     Arthur E. D'Hondt; Martin E. Grant        .

                                                     s/Ruth A. Brissaud
                                                     Ruth A. Brissaud, Case Manager
                                                     (810) 341-7845